IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RADISH SEED GROWERS' ASSOCIATION, an Oregon cooperative; MID VALLEY FARMS, INC., an Oregon corporation; and KCK FARMS LLC, an Oregon limited liability company,

    Plaintiffs,

vs.

NORTHWEST BANK, a Pennsylvania state-chartered savings association formerly known as Northwest Savings Bank,

    Defendant.

Case No. 6:17-cv-00716-JR
**OPINION AND ORDER**

AIKEN, District Judge:

On October 3, 2017, Magistrate Judge Russo filed her Findings and Recommendation ("F&R"), recommending that (1) defendant's motion to strike the complaint be denied and (2) this action be stayed pending the resolution of the pending appeal in a related proceeding. Both parties filed objections, and the matter is now before me. Fed. R. Civ. P. 72(b).

Under the Magistrates Act, certain types of pretrial decisions—including recommendations to dismiss for failure to state a claim—are subject to *de novo* review by the

1   - OPINION AND ORDER

district judge. *See* 28 U.S.C. § 636(b)(1)(C). If a pretrial matter is not specifically designated for *de novo* review, however, the district judge "may revisit" the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendant's motion to strike is, essentially, a motion to dismiss for failure to state a claim. The decision to stay proceedings, by contrast, is not included in the list of matters subject to *de novo* review. Accordingly, I review the recommendation to stay proceedings for clear error and the recommendation to deny the anti-SLAPP motion *de novo*. I am mindful, however, of the close relationship between Judge Russo's reasoning regarding the motion to strike and her reasoning regarding the need for a stay. As a result, I have carefully examined the reasoning underlying all sections of the F&R.

Having reviewed the F&R, I find no error, clear or otherwise. The pending appeal prevents me from determining, at this stage, whether the absolute litigation privilege or the anti-SLAPP statute bar plaintiffs' claims; both issues turn on whether plaintiff can make out a claim for wrongful initiation of civil proceedings. Judge Russo correctly noted that the great weight of authority holds that such a claim *cannot proceed* while the appeal of the supposedly wrongful lawsuit is pending. In addition to being consistent with the weight of authority, waiting for the resolution of the pending appeal has obvious benefits: it minimizes the risk of conflicting judicial decisions, conserves judicial resources, and will aid the Court in reaching the correct result in this case. Although I fully understand why plaintiffs oppose a stay and do not doubt the cost that waiting imposes on them, I nonetheless agree with Judge Russo that a stay is warranted here.

Reviewing *de novo*, I agree that defendants' motion to strike should be denied, without prejudice to its renewal should defendants prevail on appeal. I find no clear error in Judge Russo's recommendation to stay proceedings. I ADOPT the F&R (doc. 30) and STAY all proceedings in this case, including consideration of defendant's motion to dismiss (doc. 6),

pending the resolution of the Ninth Circuit's decision in *Northwest Bank v. McKee Family Farms*, 9th Cir. Case No. 16-35879. Defendant's motion to strike (doc. 18) is DENIED. Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 5th day of December 2017.

_____
Ann Aiken
United States District Judge