IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RADISH SEED GROWERS' ASSOCIATION, an Oregon cooperative; MID VALLEY FARMS, INC., and Oregon corporation; and KCK FARMS LLC, an Oregon limited liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWEST BANK, a Pennsylvania state-chartered savings association formerly known as Northwest Savings Bank,<br><br>Defendant. | Case No. 6:17-cv-00716-MK<br>**OPINION AND ORDER** |

AIKEN, District Judge:

On October 20, 2018, Magistrate Judge Mustafa T. Kasubhai issued his Findings and Recommendation (F&R) (doc. 49), recommending that defendant Northwest Bank's Motion to Dismiss (doc. 6) be DENIED. Defendant filed Objections to the F&R (doc. 52) and plaintiffs Radish Seed Growers' Association, Mid Valley Farms, Inc., and KCK Farms LLC filed a Response to the Objections (doc. 54). The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's F&R to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the Court must review a magistrate judge's findings and recommendations *de novo* if objection is made, "but not otherwise"). Although in the absence of objection no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## BACKGROUND

The parties are familiar with the facts underlying this case, and I will not retread them here, except those relevant to the following procedural history.

In *Northwest Bank v. McKee Family Farms et al.*, Civ. No. 3:15-cv-01576-MO, defendant filed a declaratory action in this Court seeking a declaration that it had a superior security interest

in radish seed grown by plaintiffs. Plaintiffs prevailed at trial before Judge Mosman, and defendant appealed to the Ninth Circuit.

While the appeal was pending, plaintiffs filed this suit against defendant, asserting claims for intentional interference with economic relations, conversion, and trespass to chattels under Oregon law. Defendant moved to dismiss the claims for failure to state a claim and because they were barred by the absolute litigation privilege. (doc. 6) Defendant also moved to strike the complaint pursuant to ORS 31.150, Oregon's bar to strategic lawsuits against public participation (Anti-SLAPP). (doc. 18)

On October 3, 2017, Judge Russo issued her F&R (doc. 30) recommending that defendant's motion to dismiss be denied without prejudice, that the case be stayed pending the resolution of the Ninth Circuit appeal, and that the motion to strike be denied. In her F&R, Judge Russo found that the Complaint alleged facts sufficient to state two of the elements of the exception to the absolute litigation privilege, but that the pendency of the appeal from Judge Mosman's decision precluded plaintiffs from asserting the third element -- that the antecedent proceedings were terminated in their favor. F&R (doc. 30) at 10-11. Judge Russo found that staying the proceedings in this case would better serve justice than dismissing the claims. *Id.* at 11. Judge Russo also concluded that the allegations in the Complaint stated a claim for intentional interference with economic relations. *Id.* at 12-13. Finally, Judge Russo concluded that Oregon's Anti-SLAPP statute did not bar plaintiffs' claims at that point in the litigation. *Id.* at 13. Judge Russo did not address the merits of the conversion and trespass to chattels claims. *Id.* at 12.

On December 5, 2017, I issued an Opinion and Order (doc. 41) that adopted Judge Russo's reasoning, stayed all proceedings in the case, "including consideration of defendant's motion to dismiss (doc. 6), pending the resolution of the Ninth Circuit's decision in *Northwest Bank v.*

*McKee Family Farms,*" and denied defendant's motion to strike, "without prejudice to its renewal should defendant prevail on appeal." Opinion & Order at 2-3.

On July 27, 2018, the Ninth Circuit affirmed Judge Mosman's judgment in favor of plaintiffs and against defendant, and on August 31, 2018, the Court lifted the stay. (doc. 42). The Court ordered the parties to file simultaneous briefs addressing the effect of the Ninth Circuit's ruling on the matters pending before the Court. (doc. 46).

On October 30, 2018, Judge Kasubhai issued his F&R (doc. 49) recommending that the motion to dismiss (doc. 6) be denied. Judge Kasubhai incorporated by reference the prior F&R (doc. 30) and Opinion and Order (doc. 41) and specifically found that plaintiffs' allegations supported a prima facie case for intentional interference with economic relations and that neither the absolute litigation privilege nor the Anti-SLAPP statute bar plaintiffs' claims at this stage in the litigation. F&R (doc. 49) at 2.

## DISCUSSION

Defendant objects to the F&R's (1) conclusion that plaintiffs' allegations were sufficient to overcome the absolute litigation privilege, (2) failure "to recognize that Oregon's anti-SLAPP statute, ORS 31.150, applies to plaintiffs' claims and requires their dismissal of plaintiffs' claims[,]"[1] and (3) failure to address the defendant's argument that plaintiffs failed to state claims for conversion and trespass to chattels. Objections (doc. 52) at 2.

---

[1] As part of this objection, defendant asserts that Judge Kasubhai failed to address defendant's renewal of its motion to strike and defendant urges the Court to enter an order on the motion. Although defendant presented arguments regarding Oregon's anti-SLAPP statute in its supplemental briefing and in its objections, there is no renewed motion to strike before the Court. *See* LR 7-1(b) (motions must be separately stated and "may not be combined with any response, reply, or other pleading"). Accordingly, I will not discuss defendant's arguments further.

I have reviewed *de novo* those portions of Judge Kasubhai's F&R to which defendant has objected, as well as plaintiffs' response. I agree with and adopt the reasoning in the F&R.

Although the F&R does not directly address plaintiffs' conversion and trespass to chattels claims, defendant's motion to dismiss asserted that the complaint failed to allege facts necessary to establish the elements of the torts. Judge Russo declined to reach those arguments in her earlier F&R, so they are still pending before the Court. Accordingly, I will dispose of them here.

Oregon has adopted the elements of conversion set forth in the *Restatement (Second) of Torts* § 222A (1965). *Mustola v. Toddy*, 253 Or. 658, 664 (1969). Thus, to state a claim for conversion, a plaintiff must allege facts establishing "the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel." *Emmert v. No Problem Harry, Inc.*, 222 Or. App. 151, 159-60 (2008). The elements of trespass to chattels are similar, "the only arguable differences are the extent of the interference and remedy." *Scott v. Jackson Cty.*, 244 Or. App. 484, 499 (2011). Trespass to chattels, "which was been described as the 'little brother of conversion[,]' . . . allows recovery 'for interferences with the possession of chattels which are not sufficiently important to be classified as conversion.'" *Morrow v. First Interstate Bank of Oregon, N.A.*, 118 Or. App. 164, 168 (1993) (quoting *Prosser and Keeton on Torts* 85-86 (5th ed. 1984)).

Defendant asserts that plaintiffs cannot allege that it exercised "dominion or control" over the seed because "the mere assertion of a security interest *cannot* constitute the exercise of 'dominion or control.'" Def.'s Mem. in Supp. of Mot. to Dismiss (doc. 6) at 17; Objections (doc. 52) at 12-13. Defendant relies on *Dietzman v. Ralston Purina Co.*, 246 Or. 367 (1967). In *Dietzman*, plaintiffs appealed from a judgment of voluntary nonsuit, arguing that defendant converted plaintiffs' flock of chickens by executing a chattel mortgage covering the chickens,

which prevented plaintiffs from obtaining feed on credit and "forced [plaintiffs] to sell their chickens." *Id.* at 368. The Oregon Supreme Court disagreed, stating "[t]he mere assertion of an unfounded lien does not constitute conversion." *Id.*

Here, plaintiffs rely on more than just an allegation that defendant recorded meritless liens on the seeds; they also allege that defendant interfered with plaintiffs' right to control the seed by sending threatening letters to potential buyers and by filing and maintaining a lawsuit against plaintiffs. Compl. at ¶¶ 41, 43.

Defendant also asserts that plaintiffs' claims should fail because plaintiffs had no right to control the seed. Defendant relies on the argument that it made in support of dismissing plaintiffs' claim for intentional interference with economic relations. *See* Def.'s Mem. in Supp. of Mot. to Dismiss (doc. 6) at 17 (referring to pages 14-15). Specifically, defendant argues that, under the terms of plaintiffs' production contracts, plaintiffs did not own the seed and they had no right to sell it, even if Crop Cover Solutions, LLC ("CCS"), failed to pay them for growing it. *Id.* at 14-15. Judge Russo rejected this argument in her earlier F&R. She reasoned:

> [T]he complaint alleges sufficient plausible facts to demonstrate that CCS's breach of the production contracts entitled them to sell the seed subject to payment of royalties to Blue Moon. Indeed, the complaint alleges the growers did in fact sell the seed after prevailing in the trial court on the declaratory judgment action.

F&R (doc. 30) at 13. I agree with Judge Russo's findings and reasoning and find that they provide grounds to reject defendant's argument in this context as well.

Finally, defendant asserts that its conduct was privileged because it had a reasonable, good faith basis to believe that it had a first-priority security interest in the seed. Oregon has adopted the *Restatement* view that

> '[O]ne in possession of a chattel who is in reasonable doubt as to the right of a claimant to its immediate possession does not become a converter by making a

qualified refusal to surrender the chattel for the purpose of affording a reasonable opportunity to inquire into such right.'

*Becker v. Pacific Forest Industries, Inc.*, 229 Or. App. 112, 117 (2009) (quoting and adopting *Restatement* § 240). Defendant argues that, by filing and maintaining the declaratory judgment action against plaintiffs, it was exercising its privilege "to inquire into" its interest in the seed. As Judge Russo found in her earlier F&R, "plaintiffs have pleaded, . . . , that had defendant undergone necessary diligence,[] it would have known (or did know) that it could not have obtained a priority security interest in any seed crops arising from the Blue Moon Licensing Agreement." F&R (doc. 30) at 10. Those allegations are sufficient to demonstrate that, even if defendant's conduct was motivated by its doubt as to the parties' respective rights to the seed, that doubt was not "reasonable." Accordingly, based on the facts alleged in the complaint, the privilege in *Restatement* § 240 does not bar plaintiffs' conversion and trespass to chattels claims at this time.

## CONCLUSION

Upon review, I agree with Judge Kasubhai's recommendation and I ADOPT the F&R (doc. 49). Defendant's Motion to Dismiss (doc. 6) is DENIED.

IT IS SO ORDRED.

Dated this 7th day of February 2019.

_____
Ann Aiken
United States District Judge